UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-6585-CIV-DIMITROULEAS/TORRES

FRANK A. ROMANO and MARIA
ROMANO,

    Plaintiffs,

v.

RUDOLPH LA VECCHIA, et al.,

    Defendants.

v.

MINATOUR ENTERPRISES, INC.,

    Garnishee.
_____/

## ORDER DENYING MOTION FOR FINAL
## DEFAULT JUDGMENT AS TO GARNISHEE

This matter is before the Court on Plaintiffs' Motion for Final Default Judgment As To Garnishment [D.E. 122] pursuant to the Order of Reference entered by United States District Judge William P. Dimitrouleas [D.E. 128]. The Court has carefully reviewed the Motion, the Response [D.E. 125] and the file in this case, and is otherwise fully advised in the premises.

### I.  BACKGROUND AND DISCUSSION

On April 11, 2001, Plaintiffs registered with this Court a District of Nevada judgment that had been rendered in their favor and against the Defendants Rudolph La Vecchia, Dianne M. Oakes a/k/a Dianne M. La Vecchia, Rudolph M. La Vecchia, and Beth Amanda La

Vecchia. On January 9, 2007, Plaintiffs filed a Motion for Garnishment After Judgment to be served upon Garnishee, Minatour Enterprises, Inc. ("Minatour"). *See* D.E. 113. The Court granted this motion and directed the Clerk of Court to issue a Writ of Garnishment as to Minatour. *See* D.E. 118. A Writ of Garnishment was issued by the Clerk of the Court and Minatour was served with the Writ. *See* D.E. 115. Plaintiffs assert that Minatour was served with the Writ of Garnishment on February 14, 2007. *See* Exhibit A to D.E. 122. If correct, Minatour was required to file its answer to the Writ on or before March 6, 2007.

However, according to Plaintiffs, Minatour failed to timely file an answer to the Writ. *See* D.E. 122 at 2.[1] As a result, on March 15, 2007, Plaintiffs filed the instant Motion for Final Default Judgment As To Garnishment. *See Id.* In their Motion, Plaintiffs request entry of judgment ordering Minatour to pay Plaintiffs the sums due and owing under the Judgment. *Id.*

Upon review of the Motion, the Court issued an Order to Show Cause on March 16, 2007. *See* D.E. 123. The Order to Show Cause directed Minatour to show cause in writing by no later than March 30, 2007 why a Final Default Judgment in an amount of at least $3,182,240.09 should not be entered for the reasons set forth in the Motion.

On March 30, 2007, through counsel, Minatour filed its Response to the Order to Show Cause. *See* D.E. 125. Minatour claims that its failure to respond to the Writ was not willful, that it has valid defenses to the Writ, and that Plaintiffs would not be prejudiced by a final default not being entered. *See Id.* Minatour also questions the validity of the affidavit of

---

[1] Moreover, a review of the Court file reflects the absence of an answer.

service attached to Plaintiffs' Motion.  Finally, Minatour explains that it did not timely respond to the Writ because it is a dissolved corporation and has no operations.  *Id.*  In support of its Response, Minatour filed an affidavit stating that it was not an active corporate entity at the time the Writ was served.  *Id.*  As of the date of this Order, Plaintiffs' have not submitted a reply to Minatour's Response or otherwise opposed the Response.

It appears that Minatour can meet the good cause standard for denying entry of a final default judgment in this matter.  *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948 (11th Cir. 1996).  First, there is no opposition from Plaintiffs that Minatour was dissolved as of the date that the Writ was served.  Likewise, there is no evidence to suggest that the failure to respond to the Writ was willful.  Further, any delay in submitting an answer will be minimal.  Indeed, Minatour's answer to the Writ was due by March 6, 2007.  Due to the Court's immediate issuance of its Order to Show Cause, Minatour summarized its position with regard to the Writ by March 30, 2007.  As this matter has been pending since 2001, a slight delay in receiving Minatour's answer to the Writ would not be prejudicial to Plaintiffs.  Finally, and perhaps most importantly, Minatour has potentially viable defenses to the Writ.

Accordingly and for good cause shown, Plaintiffs' Motion for Final Judgment As To Garnishment should be denied and Minatour will be permitted to answer the Writ within an appropriate time frame.

## II.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Final Default Judgment As To Garnishment [D.E. 122]

is **DENIED**.

2.	Garnishee, Minatour Enterprises, Inc. shall submit its answer to the Writ of Garnishment [D.E. 115] within ten (10) days of this Order.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, this 15th day of April, 2007.

> /s/ *Edwin G. Torres*
> EDWIN G. TORRES
> United States Magistrate Judge

cc:	Honorable William P. Dimitrouleas

　　　Counsel of Record